1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY THOMAS BUTLER,                    No.  2:18-cv-02673 CKD P

12              Plaintiff,

13         v.                                   ORDER

14    IANNONE M., et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

18    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).  See 28 U.S.C. § 636(c).

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect

24    twenty percent of the preceding month's income credited to plaintiff's prison trust account and

25    forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00,

26    until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

27         **I.       Screening Standard**

28         The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

at 678. When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

U.S. 232, 236 (1974).

## II.    Allegations in the Complaint

Plaintiff is a hearing impaired inmate at the California Medical Facility in Vacaville. In

his complaint he alleges that defendants Iannone M., W. Perehoduk, R.W. Fox, Vaden, K.Z.

Allen, M. Voong, C. Wofford, and Critender have placed him in a housing unit that denies him

access to meals, yard activity, programs and other services due to his hearing disability in

2

1  violation of the Americans with Disabilities Act and the Rehabilitation Act.  Because plaintiff is

2  deaf he cannot hear any of the announcements or calls to meals, programs, and activities that are

3  made via the public announcement system.  Plaintiff also alleges that being housed under these

4  conditions of confinement while deaf amounts to cruel and unusual punishment in violation of the

5  Eighth Amendment.  As a result of his housing assignment, plaintiff contends that he has suffered

6  "emotional distress, very bad migraine headaches, chronic anxiety attacks, chronic angina,

7  chestpains, los[s] of sleep," and has also passed out.  ECF No. 1 at 4.

8      **II.      Analysis**

9      The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

10  screening, finds that it states potentially cognizable claims arising under Title II of the Americans

11  with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, and an Eighth

12  Amendment claim challenging his conditions of confinement pursuant to 42 U.S.C. § 1983

13  against defendants Iannone M., W. Perehoduk, R.W. Fox, Vaden, K.Z. Allen, M. Voong, C.

14  Wofford, and Critender.  For the reasons set forth in further detail below, the court finds that the

15  complaint does not state any cognizable claim for relief against defendants C. Henson, J. Montiel,

16  Baca, and Trevino.  These claims are dismissed with leave to amend.

17      In order to state a claim cognizable in a civil rights action, a plaintiff must connect the

18  named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825,

19  837, 843 (1994) (official's liability for deliberate indifference to assault requires that official

20  know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)

21  ("liability under section 1983 arises only upon a showing of personal participation by the

22  defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983.");

23  Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection"

24  in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152

25  F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege

26  facts, not simply conclusions, that show that an individual was personally involved in the

27  deprivation of his civil rights.").  The court cannot determine from the complaint what role, if

28  any, defendants C. Henson, J. Montiel, Baca, and Trevino played in the alleged deprivation of

3

1  plaintiff's rights.  Accordingly, these defendants will be dismissed from the complaint with leave

2  to amend.

3  **III.  Plain Language Summary for Pro Se Party**

4  The following information is meant to explain this order in plain English and is not

5  intended as legal advice.

6  Some of the allegations in the complaint state claims for relief against the defendants, and

7  some do not.  You may choose to file an amended complaint to try to fix these problems.  You

8  must decide if you want to (1) proceed immediately on your Eighth Amendment, A.D.A and R.A.

9  claims against defendants Iannone, Perehoduk, Fox, Vaden, Allen, Voong, Wofford, and

10  Critender and voluntarily dismiss the other defendants or (2) try to amend the complaint to state

11  claims against the remaining defendants.  Once you decide, you must complete the attached

12  Notice of Election form by checking only one of the appropriate boxes and return it to the court.

13  Once the court receives the Notice of Election, it will issue an order telling you what you need to

14  do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the

15  complaint).

16  In accordance with the above, IT IS HEREBY ORDERED that:

17  1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

18  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

20  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21  California Department of Corrections and Rehabilitation filed concurrently herewith.

22  3.  The allegations against defendants C. Henson, J. Montiel, Baca, and Trevino are

23  dismissed with leave to amend for failing to state a claim.

24  4.  Plaintiff has the option to proceed immediately on the Eighth Amendment, A.D.A., and

25  R.A. claims against defendants Iannone M., W. Perehoduk, R.W. Fox, Vaden, K.Z. Allen, M.

26  Voong, C. Wofford, and Critender or plaintiff may choose to amend the complaint.

27  5.  Within 21 days from the date of this order, plaintiff shall complete and return the

28  attached Notice of Election form notifying the court whether he wants to proceed on the screened

4

1  complaint or whether he wants time to file a first amended complaint.

2  Dated:  April 30, 2019

3  _____
   CAROLYN K. DELANEY

4  UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10  12/butl2673.1.option.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY THOMAS BUTLER, | No. 2:18-cv-0673 CKD P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF ELECTION |
| IANNONE M., et al., | |
| Defendants. | |

Check **only one** option:

_____ Plaintiff wants to proceed immediately on the claims against defendants Iannone, Perehoduk, Fox, Vaden, Allen, Voong, Wofford, and Critender; **or**,

_____ Plaintiff wants time to file a first amended complaint.


DATED:


_____
Plaintiff